# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-161

DEBORAH DION BAUDIN

VERSUS

ROBERT TERRELL SPRUILL, SR., ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 209,174
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## J. DAVID PAINTER
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and J. David Painter, Judges.

**REVERSED AND RENDERED.**

**DECUIR, J.**, concurs and assigns reasons.


**Lauren Gay Coleman**
**5615-D Jackson Street, Suite B**
**Alexandria, LA 71303**
**Counsel for Plaintiff-Appellee:**
    **Deborah Dion Baudin**

**Michael H. Davis**
**2017-A MacArthur Drive**
**Alexandria, LA 71301**
**Counsel for Defendants-Appellants:**
    **Robert B. Tudor, Jr., Sue Tudor Spruill Miller,**
    **Dorothy Tudor McWhorter, and Michael S. Tudor**

**Harry H. Lemoine, Jr.**
**607 Main Street**
**Pineville, LA 71360**
**Counsel for Defendant-Appellant:**
    **Robert Terrell Spruill, Sr.**

**PAINTER, Judge.**

Defendant, Robert T. Spruill, Sr. ("Spruill"), appeals the trial court's application of the doctrine of after-acquired title in finding Plaintiff, Deborah Dion Baudin ("Baudin"), to be the owner of timber rights in and to a certain parcel of property. For the following reasons, we reverse and render.

## FACTUAL AND PROCEDURAL BACKGROUND

Spruill and Baudin were married on October 20, 1978. During their marriage, by act of sale and mortgage executed on June 20, 1988, Spruill and Baudin purchased the following property ("the Tudor tract") from Spruill's grandmother, Ollie Beall Tudor Gayer ("Gayer"):

> A certain piece, parcel or tract of ground, together with all buildings and improvements thereon, and all rights, ways and privileges thereto belonging or in anywise appertaining, being, lying and situated in Rapides Parish, Louisiana, and being more particularly described as follows, to-wit:
>
> Lot 3 of the Tudor and Beall Subdivision of the Southwest Quarter (SW1/4) of Section 16, Township 4 North, Range 1 East, as per plat thereof recorded in Plat Book 4, page 83, of the official records of Rapides Parish, Louisiana, said lot containing 27 acres, more or less.
>
> LESS AND EXCEPT:
>
> That certain 1.73 acres sold from Ollie Beall Tudor Gayer unto Robert T. Spruill, et ux, pursuant to Instrument No. 749048 dated March 1, 1982, filed and recorded March 1, 1982, at Conveyance Book 1056, page 296, of the official records of Rapides Parish, Louisiana, as corrected by Instrument No. 761707 dated December 1, 1982, filed and recorded January 18, 1983, at Conveyance Book 1081, page 116, of the official records of Rapides Parish, Louisiana.
> That certain property sold to LA DOT at Conveyance Book 839, page 554.

That act of sale also contained a specific reservation of all timber and mineral rights by the vendor.

Spruill and Baudin were divorced by judgment dated February 4, 2002. On June 14, 2002, Baudin filed a petition for partition of the community property. The

1

judgment of final partition of community property and settlement of claims was rendered on June 25, 2003 and signed by the court on October 23, 2003. That judgment awarded the Tudor tract to Baudin. The court further valued the Tudor tract at $142,000.00 and found Spruill entitled to one-half of the value, or $71,000.00.

On September 20, 2004, Baudin filed a petition to fix time for removal of timber. Robert B. Tudor, Jr., Sue Tudor Spruill Miller, Dorothy Tudor McWhorter, and Michael S. Tudor, as the heirs of Gayer, were named as Defendants. In that petition, Baudin recognized the reservation of timber rights contained in the sale and mortgage wherein she and her then-husband purchased the Tudor tract which was awarded to her in the community property partition. Baudin further recognized that sometime in 1993, the timber was partially cut on the Tudor tract but that all of the merchantable timber which existed at the time of sale was not cut. Baudin requested that the court fix a time limit for the cutting of the timber and, in default thereof, recognize her as the owner of the timber. The trial court signed an *ex parte* order on September 17, 2004, requiring that Defendants remove the merchantable timber which existed on June 20, 1988 on or before November 1, 2004. Defendants then filed a motion to vacate the *ex parte* order, and said motion was granted by the trial court.

On December 9, 2004, Spruill purchased all of the merchantable timber on the Tudor tract from the heirs of Gayer. Then, on March 30, 2005, Baudin filed an amended petition for declaratory judgment and, alternatively, to fix time for removal of timber. In that petition, she added Spruill as Defendant and alleged that Spruill acquired ownership of the timber on the Tudor tract from the Gayer heirs and that, consequently, by application of the doctrine of after-acquired title, she was the owner of the timber.

2

The matter was submitted on briefs. On August 23, 2005, the trial court entered written reasons for judgment wherein it recognized the application of the doctrine of after-acquired title in this case and found Baudin to be the owner of any timber and/or mineral rights in the Tudor tract which she acquired in the community property partition. Judgment recognizing Baudin's entitlement to the timber rights in and to the Tudor tract was signed on September 13, 2005. Spruill now appeals that judgment.

**DISCUSSION**

The sole issue in this case is whether the trial court was correct in applying the doctrine of after-acquired title to find that Baudin is the owner of the timber located on the Tudor tract.

The doctrine of after-acquired title provides that "when a vendor sells property which he does not own and later acquires title, ownership vests in the vendee." *Greene v. Greene*, 373 So.2d 756, 760 (La.App. 3 Cir.), *writ denied*, 377 So.2d 118 (La.1979). Therein, this court stated:

> Generally, in an after-acquired title situation, the vendor purports to own the property in question which he conveys to the vendee who is under the belief that his vendor does in fact own the property. In the present case, all of the parties to the act of partition were aware that the Liberty Farms tract was owned by others. Therefore, none of the participants in the act of partition could establish a servitude on a piece of land which they did not own.
>
> We find the doctrine of after-acquired title inapplicable in the present case.

*Id*. at 761.

Louisiana Civil Code Article 464 provides that "[b]uildings and standing timber are separate immovables when they belong to a person other than the owner of the ground." Thus, the standing timber on the Tudor tract could not have been included in the community property partition as it was not part of the community.

3

Spruill did not acquire ownership of the timber until December 9, 2004, more than a year after the judgment partitioning the community property was signed on October 23, 2003. At the time of the original sale and at the time of the community property partition, Baudin was aware that Gayer had reserved the timber rights on the Tudor tract. Therefore, we find the doctrine of after-acquired title inapplicable to the facts of this case.

## DECREE

The trial court made an error of law in its application of the doctrine of after-acquired title in this case. Accordingly, we reverse the judgment of the trial court which recognized Baudin as the owner of the timber rights in and to the Tudor tract and render judgment finding that Spruill is the owner thereof and giving Spruill until September 1, 2006 to remove all merchantable timber which existed on the Tudor tract on June 20, 1988. Costs of this appeal are assessed to Plaintiff-Appellee, Deborah Dion Baudin.

**REVERSED AND RENDERED.**

DEBORAH DION BAUDIN

VERSUS

ROBERT TERRELL SPRUILL, SR., ET AL.


DECUIR, J., concurring.

I agree with the majority and write separately in order to expound upon the after-acquired title doctrine as it pertains to timber rights.

The question of whether standing timber belongs to the owner of the ground or to another person is to be determined under the Civil Code rules governing acquisition of ownership. The only person capable of conveying title to timber rights is the owner. However, as the majority notes, Louisiana law holds that "where one sells the property of another . . . and later acquires title to the property sold by him, the title vests immediately in his vendee." *St. Landry Oil & Gas Co. v. Neal,* 118 So. 24, 25 (La. 1928). *See also, Plaquemines Parish Gov't v. State of Louisiana,* 01-1027 (La.App. 4 Cir. 4/10/02), 826 So.2d 14, *writ denied*, 02-1304 (La.9/13/02), 824 So.2d 1170. The rule of after acquired title is broadly applicable and includes the ownership of mineral leases, as in the *St. Landry Oil & Gas* case, and timber rights.

In order for the doctrine of after-acquired title to apply in this case, the standing timber at issue must have been presumed to be owned by the community prior to its partition, and it must have been purportedly conveyed to Baudin in the community property partition. This court was presented with the question of ownership of certain roadbeds in the case of *Lamson Pertoleum v. Hallwood Petroleum,* 00-695 (La.App. 3 Cir. 1/31/01), 824 So.2d 1194. In resolving the issue, the court focused on the

property descriptions of the pertinent land sales: "[T]he remaining issue is the alleged acquisition by DeJack under the doctrine of after acquired title. In order to determine whether he acquired title in that manner, it is necessary to determine whether the description in the sale to him includes those tracts, irrespective of the sellers' [sic] not being owners at that time." 824 So.2d 1194, 1199. Likewise, in the present case, a review of the act of sale evidencing the community's acquisition of the property and the judgment of partition transferring ownership to Baudin is dispositive of the timber rights issue.

La.Civ.Code art. 491 states that standing timber is "presumed to belong to the owner of the ground, unless separate ownership is evidenced by an instrument filed for registry in the conveyance records of the parish in which the immovable is located." Standing timber becomes a "separate immovable" when it belongs to a person other than the owner of the ground. La.Civ.Code art. 464. In this case, separate ownership of the timber was clearly evidenced by the language of the act of sale dated June 20, 1988 and recorded in the conveyance records of St. Landry Parish. Therefore, no presumption of the community's ownership of the timber rights exists which could have possibly passed to Baudin at the time of the partition.

Similarly, the conveyance of the property to Baudin at the time of the partition did not purportedly include the timber rights for which Baudin could later obtain title. In the property description included in the judgment of partition, timber rights were not mentioned, and as later evidenced by Baudin's petition for removal of the timber, she had actual knowledge that the timber was not conveyed to her in the partition.

Accordingly, when Spruill purchased the timber rights from the Gayer heirs, he purchased a separate and distinct immovable, "segregated in ownership from the

2

land on which it stands." La.Civ.Code art. 464, Comment (c). I concur in the majority's decision to reverse the judgment rendered by the trial court.